**FILED**
**Sep 28, 2020**
**10:08 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **JOHN BEECH** | ) | **Docket No.: 2020-05-0177** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **G4S SECURE SOLUTIONS (USA), INC.,** | ) | **State File No.: 72850-2019** |
| **Employer,** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **NEW HAMPSHIRE INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

### EXPEDITED HEARING ORDER GRANTING BENEFITS
### *(DECISION ON THE RECORD)*

---

This case came before the Court on September 22, 2020, for an Expedited Hearing on the record. The central legal issue is whether Mr. Beech is likely to establish at a hearing on the merits that he is entitled to additional medical benefits in the form of a psychiatric panel. For the reasons below, the Court holds Mr. Beech is entitled to the requested benefits.

### Procedural History

The Petition for Benefit Determination and the sworn statement filed with the Request for Expedited Hearing show that Mr. Beech seeks a panel of psychiatrists/psychologists. He filed an Expedited Hearing request seeking a hearing on the record, and G4S filed a response opposing that request. The Court determined that a review of the written materials without an evidentiary hearing was appropriate and issued a Docketing Notice. It also identified the written materials it intended to consider and allowed the parties seven business days to file position statements and any objections to

1

the admissibility of those materials.  Both parties filed a position statements, and G4S filed several evidentiary objections.[1]

## History of Claim

While Mr. Beech was working for G4S on August 8, 2019, a patient assaulted him. He reported an injury, and G4S authorized treatment with a neurologist, Dr. Richard Rubinowicz.

Dr. Rubinowicz first saw Mr. Beech on September 9.  He assigned light-duty restrictions and suggested "further evaluation with psychiatry for his increased anxiety." On September 18, Dr. Rubinowicz noted that Mr. Beech "does see psychiatry for pre-existing anxiety disorder and ADD."  He assessed Mr. Beech with post-concussion syndrome and said, "He will need further evaluation with psychiatry or neuropsychology for his anxiety and inability to function."

Dr. Rubinowicz followed up with a letter on September 24 explaining that he saw Mr. Beech for his headaches, stating:

> I feel there is nothing I can do to help at this time and I have asked for him to be referred to a Neuropsych for his anxiety that he seems to be having more of a problem with.  After speaking with Mr. Beech on 2 occasions, I feel that there is no neurological reason that he cannot return to work full duty.

G4S did not provide a panel of neuropsychologists or psychiatrists.

On July 6, 2020, G4S sent a questionnaire letter to Dr. Rubinowicz, along with Mr. Beech's pre-injury psychiatric treatment records.  The letter asked, "Based on your review of the medical records regarding Mr. Beech's ongoing psychiatric treatment, can you say to a reasonable degree of medical certainty that Mr. Beech needs a psychiatric or neuropsychological referral _primarily_ as a result of the alleged injury that occurred on August 8, 2019?"  Dr. Rubinowicz responded by checking the "No" box.

## Findings of Fact and Conclusions of Law

Mr. Beech seeks an order for a panel of psychiatrists/psychologists.  Tennessee Code Annotated section 50-6-204(h) (2019) provides: "All psychological or psychiatric services available under subdivisions (a)(1) and (b)(1) shall be rendered only by

---

[1] The Court's ruling on those objections may be found in the Appendix.  G4S also reiterated several arguments from its Objection to Request for a Decision on the Record.  As the Court addressed these arguments in its Docketing Notice, it will not do so here.

2

psychologists or psychiatrists and shall be limited to those ordered upon the referral of physicians authorized under subdivision (a)(4)." Further, any treatment recommended by a panel physician shall be presumed to be medically necessary. Tenn. Code Ann. § 50-6-204(a)(3)(H).

In this expedited hearing, Mr. Beech need not prove every element of his claim by a preponderance of the evidence to receive relief. Instead, he must provide sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). The Court finds he carried this burden and orders G4S to provide the requested panel.

G4S contends that Mr. Beech is not entitled to the panel because: 1) the recommended referral is not medically necessary and; 2) the condition for which the panel was recommended is not work-related. The Court finds neither argument persuasive.

Regarding the first argument, G4S relies on Dr. Rubinowicz's September 24 letter, where he stated that there was no neurological reason why Mr. Beech could not return to full duty. G4S suggests this indicates the doctor's belief that the psychiatric referral was no longer medically necessary.

G4S's argument rests on an inference that either Dr Rubinowicz made the psychiatric referral to treat Mr. Beech's neurological symptoms, or that the resolution of those symptoms obviated the need for psychiatric evaluation. However, the doctor's letter and treatment records do not support this interpretation. As the letter plainly states, Dr. Rubinowicz saw Mr. Beech for treatment of a head injury that was causing headaches. It goes on to say that the psychiatric referral was explicitly made for the purpose of "further evaluation . . . for his anxiety and inability to function." The Court finds that the referral and the release to full duty are unrelated issues.

G4S next argues that because Mr. Beech was already receiving psychiatric treatment, the symptoms that led to Dr. Rubinowicz's referral were not work-related. The first flaw with this contention is that G4S presented no medical proof to support it. *See Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *16-18 (Feb. 14, 2018)(parties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments). G4S points to Dr. Rubinowicz's questionnaire response, but a careful reading of the questionnaire does not support that reliance. Dr. Rubinowizc was asked, "can you say to a reasonable degree of medical certainty that Mr. Beech needs a psychiatric or neuropsychological referral <u>primarily</u> as a result of the alleged injury?" His negative response does not necessarily mean that the work injury was not the primary cause but merely establishes that he cannot say so to a reasonable degree of medical certainty. This distinction is important because Mr. Beech does not have to prove causation at this time. He only must show that he is likely to prevail

3

on the issue of whether his authorized physician made a valid referral.

More importantly, G4S's argument (and its insistence on the need to depose Dr. Rubinowcz) is predicated on the idea that a referring doctor must establish causation before the referral is authorized. G4S has not provided any authority for this contention, which the Court finds antithetical to the statutory mandate that any treatment recommended by a panel physician shall be presumed to be medically necessary.[2] Further, the Court questions the reliability of causation opinions from doctors whose referrals suggest less expertise in the relevant area of medicine. Instead, the statutory time limits for providing a panel suggest that a more logical and consistent approach would be for an employer to honor an authorized physician's referral to a specialist and then take up the question of causation with that specialist.

Over one year ago, Mr. Beech's authorized doctor referred him for psychiatric or neuropsychological evaluation. Instead of providing a panel, G4S attempted to "undo" Dr. Rubinowicz's treatment recommendation. Not only were those efforts contrary to G4S's statutory duty, but also they were unsuccessful. For these reasons, Mr. Beech appears likely to prevail at trial in establishing that he is entitled to the psychiatric or neuropsychological panel.

Further, G4S's circumvention of its responsibility to promptly provide a panel in response to Dr. Rubinowicz's original referral is contrary to Tennessee Compilation Rules and Regulations 0800-02-01-.06(2). Therefore, the Court refers this case to the Compliance Program for investigation and possible assessment of a civil penalty. Upon its issuance, a copy of this Order will be sent to the Compliance Program. *See* Tenn. Comp. R. & Regs. 0800-02-24-.03.

**IT IS, THEREFORE, ORDERED** as follows:

1. G4S shall provide Mr. Beech with medical treatment made reasonably necessary by his August 8, 2019 injury, including a psychiatric or neuropsychological panel.

2. This case is set for a Status Hearing on December 8, 2020, at 9:00 a.m. Please call toll-free at 855-874-0473 to participate. Failure to call or appear might result in a determination of the issues without your further participation. All conferences are set using Central Time.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The

---

[2] It is for this reason the Court found unavailing G4S's claim that a hearing on the record was premature until it deposed Dr. Rubinowicz.

Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED September 28, 2020.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Ms. Cunningham's Rule 72 Declaration Under Penalty of Perjury, including medical records contained in Exhibit A.
2. September 4, 2019 Panel selection of Dr. Rubinowicz
3. Exhibits to G4S's September 2, 2020 Response and Objection to Employee's Request for a Decision on the Record.
4. Dr. Rubinowicz's response to the July 6, 2020 questionnaire

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. G4S's Response and Objection to Employee's Request for a Decision on the Record
5. Docketing Notice of September 9, 2020
6. G4S's Objections and Position Statement in Preparation for On-The-Record Determination
7. Mr. Beech's Legal Brief in Support of his Request for an Expedited Hearing on the Record

Evidentiary Objections:

1. Paragraph 6 of Mr. Beech's Rule 72 Declaration. Overruled. It is not hearsay for Mr. Beech to say that he was referred for additional treatment.
2. Paragraph 7 of Mr. Beech's Rule 72 Declaration. Sustained as to what Dr. Rubinowicz's office told Mr. Beech and the audio recording. Remainder overruled.
3. Paragraph 8 of Mr. Beech's Rule 72 Declaration. Overruled as to the first sentence. Remainder sustained.
4. Pages 1-11 of Exhibit A of Mr. Beech's Rule 72 Declaration. Sustained.
5. Pages 15-16 of Exhibit A of Mr. Beech's Rule 72 Declaration. Overruled. The physician's signature for these records may be found on Page 14.
6. Page 21 of Exhibit A of Mr. Beech's Rule 72 Declaration. Sustained.
7. Pages 25-28, 30, 32-44 of Exhibit A of Mr. Beech's Rule 72 Declaration. Sustained.

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on September 28, 2020.

| Name | Certified Mail | Via Email | Service sent to: |
|---|---|---|---|
| Christopher D. Markel | | X | cmarkel@markelfirm.com |
| Tiffany B. Sherrill | | X | tbsherrill@mijs.com |
| Compliance Program | | X | WCCompliance.Program@tn.gov |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

  If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____
*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____
*\* Attach an additional sheet for each additional Appellant \**

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries         $ _____ per month    Telephone       $ _____ per month

Electricity       $ _____ per month    School Supplies $ _____ per month

Water             $ _____ per month    Clothing        $ _____ per month

Gas               $ _____ per month    Child Care      $ _____ per month

Transportation    $ _____ per month    Child Support   $ _____ per month

Car               $_____ per month

Other             $ _____ per month (describe: _____ )

10. Assets:

Automobile           $ _____ (FMV) _____

Checking/Savings Acct. $ _____

House                $ _____ (FMV) _____

Other                $ _____ Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____          _____

_____          _____

_____          _____

_____          _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____